**[J-28A-2015, J-28B-2015 and J-28C-2015] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE,<br><br>Appellee<br><br>v.<br><br>JAMES EISEMAN, JR. AND THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA,<br><br>Appellants | : No. 45 EAP 2014<br>:<br>: Appeal from the Order of the<br>: Commonwealth Court entered on<br>: 02/19/2014 at No. 1935 CD 2012 affirming<br>: in part and reversing in part the<br>: determination entered on 09/17/2012 of the<br>: Office of Open Records at No.<br>: AP2011-1098.<br>:<br>: ARGUED:   May 5, 2015<br>:<br>:<br>:<br>: |
| AETNA BETTER HEALTH, INC., HEALTH PARTNERS OF PHILADELPHIA, INC., AND KEYSTONE MERCY HEALTH PLAN,<br><br>Appellees<br><br>v.<br><br>JAMES EISEMAN, JR., AND THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA,<br><br>Appellants | : No. 46 EAP 2014<br>:<br>: Appeal from the Order of the<br>: Commonwealth Court entered 02/19/2014<br>: at No. 1949 CD 2012 affirming in part and<br>: reversing in part the determination entered<br>: on 09/17/2012 of the Office of Open<br>: Records at No. AP2011-1098.<br>:<br>: ARGUED:   May 5, 2015<br>:<br>:<br>:<br>:<br>: |
| UNITEDHEALTHCARE OF PENNSYLVANIA, INC. D/B/A UNITEDHEALTHCARE COMMUNITY PLAN AND HEALTHAMERICA PENNSYLVANIA INC. D/B/A COVENTRYCARES, | : No. 47 EAP 2014<br>:<br>: Appeal from the Order of the<br>: Commonwealth Court entered 02/19/2014<br>: at No. 1950 CD 2012 affirming in part and<br>: reversing in part the determination entered<br>: on 09/17/2012 of the Office of Open |

| | |
|---|---|
| Appellees | : Records at No. AP2011-1098. |
| | : |
| | : ARGUED:   May 5, 2015 |
| v. | : |
| | : |
| | : |
| JAMES EISEMAN, JR. AND THE PUBLIC | : |
| INTEREST LAW CENTER OF | : |
| PHILADELPHIA, | : |
| | : |
| Appellants | : |

**DISSENTING OPINION**

**MR. JUSTICE EAKIN**                              **DECIDED:   October 27, 2015**

I agree with the Commonwealth Court's majority that documents containing MCO Rates are not "financial records" within § 102 of the RTKL, 65 P.S. § 67.102.   See Dep't of Public Welfare v. Eiseman, 85 A.3d 1117, 1127 (Pa. Cmwlth. 2014) (en banc) ("Because MCO Rates are not disbursed 'by an agency,' [the] OOR erred in concluding MCO Rates are 'financial records.'").   MCO Rates are rates set by a private company, not an agency.   The private company disburses the funds — the agency does not. While the entire scheme of payment immediately suggests bureaucratic confusion and obfuscation, the plain language of the RTKL does not cover this situation — perhaps it should, but as it currently exists, in my judgment it does not.

I would remand the matter to the OOR to decide, in the first instance, whether the MCO Rates are exempt from disclosure under § 708(b)(11).   Contra id. ("Because we conclude the MCO Rates are not 'financial records,' we next consider the RTKL exceptions that OOR did not fully analyze based on its adherence to Lukes[ v. Dep't of Public Welfare, 976 A.2d 609 (Pa. Cmwlth. 2009)].   Typically, we would remand to [the] OOR to serve as fact-finder.").   Thus, I respectfully dissent.